mum sentence is unfair and improper. We think not. First, the defendant acknowledges that the plea agreement informed him that he would be subject to a period of supervised release and that it would be in addition to a sentence of imprisonment. The imposition of supervised release is neither unfair nor improper. Supervision assists the defendant in complying with the law upon his release and may result in additional incarceration only if he commits another offense or is recalcitrant in complying with the terms of his supervised release. As for its propriety, 18 U.S.C. § 3583 authorizes the imposition of supervised release in addition to the maximum term of imprisonment provided for in the prohibition of the underlying offense. *United States v. Jenkins,* 42 F.3d 1370, 1371 (11th Cir.1995).

Accordingly, the judgment of conviction and sentence is affirmed.

Before SLOVITER, ROTH & McKEE, Circuit Judges.

### OPINION OF THE COURT

McKEE, Circuit Judge.

Carl Coleman appeals his conviction for illegal possession of a firearm in violation of 18 U.S.C. 922(j)(1). His only claim of error is his assertion that that state is an unconstitutional violation of the limits placed upon Congress under the Commerce Clause. We have, however, previously rejected this argument and upheld the validity of 922(j)(1). See, *U.S. v. Singletary,* 268 F.3d 196 (3d Cir.2001). Accordingly, we will reject appellant's challenge to the constitutionality of that statute and affirm his conviction.

UNITED STATES of America

v.

**Carl COLEMAN, Appellant**

No. 01–4067.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) June 11, 2002.

June 18, 2002.

UNITED STATES of America

v.

**Jerald P. ROMINE, Appellant**

No. 01–4233.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) June 7, 2002.

Filed June 18, 2002.